IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | NO. 12-21 |
| | : | |
| RONALD MIKO | : | |

**MEMORANDUM**

Jones, J.                                                                                            March 26, 2012

### I.       Introduction

Ronald Miko was indicted on January 19, 2012, and charged with one Count of Obstruction of a Criminal Investigation (in violation of 18 U.S.C. §1510), and Aiding and Abetting (in violation of 18 U.S.C. §2). On February 10, 2012, Mr. Miko was ordered detained and held without bail by Magistrate Judge M. Faith Angell (Doc. No. 10), prompting him to file a Petition to Review the Pretrial Detention Order of the Magistrate (Doc. No 11). The government filed their Response thereto (Doc. No. 12) and a hearing was held before this Court on March 19, 2012. For reasons which follow, the Petition will be granted.

### II.     Discussion

During a hearing regarding this Petition, Defendant's counsel, Mr. Fortunato Perri presented Mrs. Beth Miko, the estranged spouse of Mr. Miko. Mrs. Miko testified, *inter alia*, that while she initially declined to allow Mr. Miko to reside with her and their child, she and their daughter have reconsidered that decision and are now willing to allow Mr. Miko to return to reside with them in their home at 253 S. Tulpehocken Street in Pinegrove, Pennsylvania.

1

Additional relevant factors presented during the hearing by Attorney Perri on Mr. Miko's behalf, included the following:

1. Petitioner, who is 37 years old, had been a police officer for the City of Reading for eleven years and is married to - albeit estranged from - Mrs. Beth Miko. The two have a thirteen year-old daughter who resides in the home;

2. Petitioner has been honorably discharged from the United States Army, where he had been deployed to Iraq and Bosnia;

3. Petitioner has a Bachelor's Degree and is currently enrolled in a Masters Degree program;

4. Petitioner suffers from insulin-dependent diabetes, which will cause a severe hardship if he remains incarcerated prior to trial; and

5. Petitioner is not a flight risk, nor a danger to the community and, if released upon conditions, will appear as required for all Court appearances.

The Government presented the following factors for consideration by this Court:

1. Petitioner was indicted on January 19, 2012, on one Count of Obstruction of a Criminal Investigation, and Aiding and Abetting;

2. The maximum penalty Petitioner faces is five years' imprisonment. Petitioner's estimated Sentencing Guidelines range may be as high as 78-97 months;

3. Petitioner was recently terminated from his position as a police officer due to his affiliation with known felon Paul Sewell (who was also indicted on related charges involving a prostitution ring in Reading, Pennsylvania), and this is Petitioner's first arrest; and

4. The nature of the evidence against Petitioner includes recordings of prison telephone calls between him and inmate Paul Sewell. In those phone calls, Petitioner discusses with Sewell particular witnesses who worked for the prostitution business and whether they could provide incriminating information about Petitioner. Petitioner and inmate Paul Sewell debate during the recordings whether the witnesses have incriminating information about defendant or not. One witness' address is mentioned on

a call.

Additionally, on March 16, 2012, Pretrial Services Officer Lee Saltzburg submitted a recommendation to this Court, in which he "stand[s] by the original release recommendation" prepared on February 9, 2012 and presented to Judge Angell for purposes of the original detention hearing. Said recommendation provides that Mr. Miko should be released on Fifty Thousand Dollars ($50,000.00) bail to 24-hour home confinement at 253 S. Tulpehocken Street in Pinegrove, Pennsylvania. This Court has taken Officer Saltzburg's recommendation into consideration, as indicated in its final determination below.

In determining bail, this Court's decision is governed by 18 U.S.C. § 3142, which provides in pertinent part as follows:

> (g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)

In conjunction with the Section 3142(g) factors, this Court notes that the allegations against Petitioner indirectly involve several minors as participants in a prostitution ring. The Petitioner has indirect access to firearms. The evidence contained on prison recordings of telephone conversations (the transcripts of which were submitted to this Court as Exhibits G1 and G2 by the government during the hearing) between Petitioner and Mr. Sewell weighs heavily against Petitioner and in support of the outstanding charges. However, this Court also notes that Petitioner does not have a criminal history, is in need of medical assistance, and has long-term ties to the community.

Therefore, based upon due consideration of the foregoing in accordance with 18 U.S.C. § 3142(g), bail shall be set at Two Hundred Thousand Dollars ($200,000.00), with the following special conditions:

1. Petitioner will be required to remain in home confinement located at 253 S. Tulpehocken Street in Pinegrove, Pennsylvania;

2. Petitioner shall be placed into the Location Monitoring Program, subject to 24-hour home confinement at the above residence, to be maintained via a monitoring device. He is permitted to leave his residence only for visits to

Pretrial Services, or for medical treatment, religious services, or school, and only with prior notification and approval of Pretrial Services;

3. Petitioner shall report weekly to Pretrial Services;

4. Petitioner shall participate/continue in mental health treatment, as directed by Pretrial Services;

5. Petitioner shall surrender his passport or if he does not have one, may not apply for same;

6. Petitioner shall not travel outside of the Eastern District of Pennsylvania;

7. Petitioner shall surrender and shall not possess or carry any firearm, and his release shall be stayed pending notification that all of his firearms, ammunition, and any other weapons in his possession have been accounted for;

8. Petitioner shall not visit or reside anyplace where firearms are present; and

9. Petitioner shall have no contact with co-defendants or witnesses in this matter.

**III. Conclusion**

Upon consideration of the record before this Court, Ronald Miko's Petition to Review the Pretrial Detention Order of the Magistrate (Doc. No 11) shall be granted in accordance with the aforementioned conditions, and Mr. Miko shall appear before this Court for trial, commencing Wednesday, June 6, 2012 at 9:30 a.m..

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.